# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 26, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0325-MR

JEREMY DEMAR                                                     APPELLANT

V.                  ON APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE JOHN L. ATKINS, JUDGE
NO. 17-CR-00222

COMMONWEALTH OF KENTUCKY                               APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Indicted on two counts of murder (one of which was domestic violence), attempted murder, first-degree burglary, and fourth-degree assault and facing the Commonwealth's notice of intent to seek the death penalty, Jeremy James Demar pleaded guilty to all charges under a negotiated plea agreement in which the Commonwealth recommended a sentence of life imprisonment without parole. Before sentencing, Demar moved the trial court for leave to withdraw his plea. The trial court conducted an evidentiary hearing on the motion, denied it, imposed the sentence contemplated by the plea deal, and entered judgment accordingly.

Demar appeals from the trial court's denial of the motion to withdraw the guilty pleas. He admits that his pleas were voluntarily made, and we affirm the

trial court's denial of the motion to withdraw because Demar failed to show that the trial court abused its discretion.

## I.     Background

Gleaned from Demar's motion to enter guilty pleas is the following recitation of the facts detailing the five charges contained in the indictment and to which he pleaded guilty:

> The Defendant admits that on the 2nd day of February 2017, that he, while armed with a handgun and the intent to commit a crime, forcibly entered the residence of Dominique House located at 204 Arkansas Avenue, Apt. B, Oak Grove, KY., with no lawful right to enter or remain on the property (Burglary first degree). That while unlawfully in the residence he shot and killed Christopher Hock (Murder) attempted to shoot and kill Dominique House (Attempted Murder), physically assaulted [B.M.] (4th degree Assault) and then shot and killed his wife, Priscilla Ann East (Murder-Domestic Violence). Thereafter, he left the residence in flight therefrom still armed with the handgun he used to kill Hoch and East.

Following an extensive plea colloquy, the trial court accepted Demar's guilty pleas.[1]  Under the plea deal, the Commonwealth's recommended sentence for these convictions was imprisonment for life without parole.  But before sentencing, Demar moved to withdraw his guilty pleas.  In the motion, Demar acknowledged his pleas were voluntarily made, but he nevertheless requested the trial court exercise its discretion under Kentucky Rule of Criminal Procedure (RCr) 8.10 to allow him to withdraw them.  The Commonwealth opposed this motion, and the trial court held an evidentiary hearing on the issues raised by the motion.  At the hearing, Demar informed the trial court that when he made his guilty pleas he felt pressured by his

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 241–42 (1969).

family to do so and was stressed by the prospect of lengthy confinement. At the end of the hearing, the trial court denied Demar's motion, ruling the pleas were voluntarily made and Demar had failed to give a substantial reason why he should be permitted to withdraw them. Demar appealed the trial court's denial to this Court as a matter of right, arguing the denial was an abuse of discretion.

## II.    Analysis

We review the appeal of the denial of a motion to withdraw a guilty plea for abuse of discretion, and we will uphold the trial court's decision so long as it was not arbitrary, unreasonable, or contrary to sound legal principles.[2] Under RCr 8.10, before a guilty plea may be taken from a defendant the trial court must ensure it was voluntarily made with a full understanding of its nature. When a defendant seeks to withdraw a guilty plea, and voluntariness is not at issue, resolution lies within the trial court's sound discretion.[3] We find the trial court in the present case did not abuse its discretion.

In *Dorsey v. Commonwealth*,[4] we upheld the defendant's guilty plea when, after sentencing, he told the trial court his family had pressured him to take the plea.[5] During the plea hearing, Dorsey affirmed that he had enough time to talk to his attorney, was satisfied with the attorney's advice, confirmed

---

[2] *Edmonds v. Commonwealth*, 189 S.W.3d 558 (Ky. 2006).

[3] RCr 8.10 ("At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted.").

[4] 565 S.W.3d 569 (Ky. 2018).

[5] *Id.* at 577.

that he was not under any coercion or threats that induced him to plead guilty, asserted he was acting under his own free will, and stated he understood the proceedings.[6]  We stated that Dorsey's "[s]olemn declarations . . . carr[ied] a strong presumption of verity" and that "strong encouragement by family members does not rise to the level of coercion."[7]  Dorsey may have considered his mother's encouragement in taking the plea deal, but it did not rise to the level of coercion warranting withdrawal of his guilty plea.[8]

The facts here are like those in *Dorsey*.  Demar argues that the trial court abused its discretion in not allowing him to withdraw his guilty pleas because at the time he entered them he was facing the realities of incarceration and family pressure.  Demar acknowledged at his guilty plea hearing, after a full *Boykin* colloquy with the trial court, that he understood the decision he was making, his constitutional rights, and the consequences of entering the plea. He again affirmed in the hearing on his motion to withdraw that the plea was voluntarily made but told the trial court that he would now rather have a jury decide his fate.  We find that the trial court did not err when it found Demar put forth a legally insufficient basis to warrant setting aside the pleas.  Demar voluntarily entered his plea and still maintains it was his choice.  While he

---

[6] *Id.*

[7] *Id.* at 577–78 ("Advice even strong urging by those who have an accused's welfare at heart . . . does not constitute undue coercion. While familial pressure may influence a defendant's decision to plead guilty, this pressure does not imply undue coercion such that the plea was involuntary. Dorsey's mother may have encouraged Dorsey to accept the plea deal, but her influence does not constitute coercion.") (internal citations omitted).

[8] *Id.* at 578.

argues that his choice was influenced by the pressures of incarceration and his family to take the deal, we cannot say this rises to the level of coercion. And we are satisfied, as we were in *Dorsey*, that Demar's solemn declarations are indicative that he voluntarily entered his guilty pleas and he has not put forth evidence of coercion, but instead offers the pressures that are not uncommon to defendants contemplating the available options in the plea-bargaining process.

Lastly, Demar invites us to adopt the Sixth Circuit's *Hockenberry* factors. In *United States v. Hockenberry*,[9] the federal appellate court established a rule that a trial court should analyze the totality of the circumstances in deciding whether a fair and just reason exists for allowing a defendant to withdraw his guilty plea. These factors include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

We decline to adopt these factors today. While the *Hockenberry* considerations are reasonable, their consideration under the present facts does not suggest a different outcome for Demar.

---

[9] 730 F.3d 645 (6th Cir. 2013).

The circumstances surrounding the entry of Demar's pleas are in no way suspect. Demar admits the guilty pleas were voluntarily made, and he does not now claim innocence of any of the charges to which he pleaded. He freely and openly admitted to the criminal acts for which he stands convicted, and he has received the sentence contemplated by the deal he made. We hold that the trial court properly denied the motion.

### III. Conclusion

For these reasons we affirm the trial court's denial of Demar's motion to withdraw his plea.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Shannon Renee Dupree
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General